**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Schilleman, | No. CV 14-01825-PHX-DLR (BSB) |
| Plaintiff, | |
| v. | **ORDER** |
| Corizon Health Incorporated, et al., | |
| Defendants. | |

Plaintiff Robert Schilleman, who is represented by counsel, brings this civil rights case pursuant to 42 U.S.C. § 1983 and Arizona state law. (Doc. 22.) Before the Court are: (1) Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 130);[1] (2) Plaintiff's Motion for Summary Judgment re: Exhaustion of Remedies (Doc. 113); (3) Plaintiff's Motion for Expedited Briefing and Ruling on Plaintiff's Motion for Summary Judgment re: Exhaustion of Remedies (Doc. 115);[2] and (4) Defendant Lisa Fansler's

---

[1] Plaintiff filed this motion in conjunction with a "Request for Additional Relief." The Magistrate Judge denied Plaintiff's Request for Additional Relief by separate Order. (Doc. 150.)

[2] Plaintiff's Motion for Summary Judgment re: Exhaustion of Remedies has been fully briefed. Accordingly, Plaintiff's Motion for Expedited Briefing and Ruling on Plaintiff's Motion for Summary Judgment re: Exhaustion of Remedies (Doc. 115) is denied as moot.

Cross-Motion for Summary Judgment re: Exhaustion of Administrative Remedies (Doc. 137).[3]

**I.      Plaintiff's Motion to Amend**

In a March 26, 2015 Order, the Court found that Plaintiff stated the following claims in his First Amended Complaint: (1) Eighth Amendment claims against Corizon in Counts One and Three; (2) an Eighth Amendment claim against Ryan in Count One; (3) Eighth Amendment claims against Defendants Hegmann, Mulhorn, Medical Director, Medical Providers, Montano, Facility Health Administrators, and Fansler in Count Two; and (4) state law negligence claims against Defendants Hegmann, Mulhorn, Medical Director, Medical Providers, Montano, Facility Health Administrators, and Fansler in Count Three. (Doc. 23.) The Court noted that because unnamed Medical Director, Medical Providers, and Facility Health Administrators could not be served, Plaintiff should seek to amend his complaint to add the proper names of those Defendants when they were discovered. (*Id.* at 15.)

Plaintiff seeks leave to add claims against Patrick Arnold, Duc Vo, Winfred Williams, Cynthia Ripsin, Kent Ainslie, "Facility Health Administrators, ASPC-Eyman," "Corizon's Clinical Coordinator assigned to the ASPC-Eyman (Cook Unit)," and "Corizon's Regional Medical Director responsible for the ASPC-Eyman (Cook Unit)."

**A.      Legal Standard**

Although the decision to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) [of the Federal Rules of Civil Procedure] declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In exercising its discretion[,] . . . 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on

---

[3] After Fansler filed her Cross-Motion for Summary Judgment, the parties stipulated to her dismissal (Doc. 142) and the Court granted the stipulation and dismissed Fansler from this action without prejudice (Doc. 143). Accordingly, Fansler's Cross-Motion for Summary Judgment re: Exhaustion of Administrative Remedies (Doc. 137) is denied as moot.

the merits rather than on the pleadings or technicalities . . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir.1987) (citations omitted). Motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182. "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 880 (9th Cir. 1999). Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless the opposing party makes "an affirmative showing of either prejudice or bad faith").

Here, there is no evidence of undue delay, bad faith, repeated failure to cure, or undue prejudice. Defendants assert that allowing Plaintiff leave to amend to add additional allegations against additional Defendants would be futile because Plaintiff fails to state a claim upon which relief can be granted against those Defendants. Accordingly, the Court will examine whether Plaintiff states claims upon which relief may be granted in his Second Amended Complaint.

**B.     Futility**

      **1.     Count One**

Plaintiff continues to assert Eighth Amendment claims against Defendants Corizon and Ryan in Count One. Consistent with the Court's findings in its March 26, 2015 Order, Plaintiff states an Eighth Amendment claim against Defendants Corizon and Ryan in Count One of his Second Amended Complaint.

. . . .

### 2. Count Two

In Count Two, Plaintiff seeks to add an Eighth Amendment claim based on deliberate indifference to serious medical needs against Defendants Kent Ainslie, Unknown FHAs, Unknown Clinical Coordinators, the Corizon Regional Medical Director, Patrick Arnold, Duc Vo, Winfred Williams, and Cynthia Ripsin. Having reviewed Plaintiff's allegations in Count Two, the Court finds that Plaintiff states an Eighth Amendment claim against Defendants Kent Ainslie, Unknown FHAs, Unknown Clinical Coordinators, the Corizon Regional Medical Director, and Patrick Arnold, Duc Vo, Winfred Williams, and Cynthia Ripsin in Count Two. The Court will therefore allow Plaintiff to amend his complaint to add his Eighth Amendment claims in Count Two against Defendants Kent Ainslie, Patrick Arnold, Duc Vo, Winfred Williams, and Cynthia Ripsin. However, to the extent Plaintiff seeks to add Corizon's Clinical Coordinator, Unknown Facility Health Administrators, and Corizon's Regional Medical Director, he must seek to amend his claims against those Defendants when he discovers their proper names for the same reasons set forth in the Court's March 26, 2015 Order.

Additionally, Plaintiff reasserts Eighth Amendment claims against Defendants Hegmann, Mulhorn, and Montano in Count Two. Consistent with the Court's findings in its March 26, 2015 Order, Plaintiff states an Eighth Amendment claim against Defendants Hegmann, Mulhorn, and Montano in Count Two of his Second Amended Complaint.

Finally, after Plaintiff filed his proposed Second Amended Complaint, which included claims against Fansler, the parties stipulated to the dismissal of Fansler from this action (Doc. 142). Accordingly, the Court will deny Plaintiff's Motion to Amend as moot to the extent he asserts claims against Fansler in his Second Amended Complaint.

### 3. Count Three

Plaintiff asserts a state law negligence claim against all Defendants in Count Three. Having reviewed Plaintiff's allegations in Count Three, the Court finds that Plaintiff states state law negligence claims against all Defendants in Count Three. The

1 Court will therefore allow Plaintiff to amend his complaint to add his state law
2 negligence claims in Count Three against Defendants Corizon, Ryan, Montano,
3 Hegmann, Mulhorn, Arnold, Vo, Williams, Ripsin, and Ainslie. However, to the extent
4 Plaintiff seeks to add Corizon's Clinical Coordinator, Unknown Facility Health
5 Administrators, and Corizon's Regional Medical Director, he must seek to amend his
6 claims against those Defendants when he discovers their proper names for the same
7 reasons set forth in the Court's March 26, 2015 Order.

The Court will therefore direct the Clerk of the Court to file Plaintiff's Second Amended Complaint currently lodged at Doc. 130-2. The Court will further direct the Clerk of the Court to dismiss Defendants Fansler, Corizon's Clinical Coordinator, Unknown Facility Health Administrators, and Corizon's Regional Medical Director from the Third Amended Complaint and this action without prejudice.

**II.     Plaintiff's Motion for Summary Judgment re: Exhaustion of Remedies**

Plaintiff asserts that he is entitled to summary judgment on Defendants' affirmative defense that Plaintiff failed to exhaust his available administrative remedies. He argues that he was excused from the exhaustion requirement under the plain terms of Arizona Department of Corrections (ADC) Department Order 802.01, § 1.8, which Plaintiff asserts exempts emergency complaints from the formal grievance procedure. Plaintiff further asserts that, even though he was not required to exhaust administrative remedies, he did exhaust his administrative remedies by following the ADC's grievance procedure.

Defendants respond that "Plaintiff's conclusory statements citing to D.O. 802 are not enough to prove that his specific medical complaints constituted an 'emergency condition' within the meaning of D.O. 802" and that Plaintiff has failed to present evidence demonstrating that his prostate cancer presented an emergency medical condition under D.O. 802. Defendants further assert that D.O. 802.01, §1.8 does not obviate an inmate's obligation to exhaust the ADC's grievance and appeals procedures in the event of an emergency, but "simply allows an inmate to bring an emergency to the

attention of staff, by any available means, rather than to rely on the written grievance procedure to alert staff to an emergency." (Doc. 137 at 6.)

Defendants next assert that the Grievance Appeal Response signed by Director Ryan on February 28, 2014 does not show that Plaintiff exhausted his administrative remedies because "Plaintiff does not provide any documents that were submitted by him as part of the grievance process related to the Grievance Appeal Response signed by Director Ryan on February 28, 2014, or any additional documents related to the other grievances submitted by Plaintiff." (Doc. 140 at 5.)

### A.  Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a

genuine issue for trial." *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

### B.     Exhaustion

Under the Prison Litigation Reform Act, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The defendant bears the initial burden to show that there was an available administrative remedy and that the prisoner did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); *see Brown*, 422 F.3d at 936-37 (a defendant must demonstrate that applicable relief remained available in the grievance process). Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The ultimate burden, however, rests with the defendant. *Id.* Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to the prisoner, shows a failure to exhaust. *Id.* at 1166, 1168; *see* Fed. R. Civ. P. 56(a).

If summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge; a plaintiff is not entitled to a jury trial on the issue of exhaustion. *Albino*, 747 F.3d at 1170-71.  But if a court finds that the prisoner exhausted administrative remedies, that administrative remedies were not available, or that the failure to exhaust administrative remedies should be excused, the case proceeds to the merits. *Id.* at 1171.

### C.   Facts regarding Exhaustion

ADC Department Order 802.06 outlines the formal inmate medical grievance process. (Doc. 113-2 at 5.)  An inmate may appeal a response to a formal inmate medical grievance to the Director. (*Id.* at 6.)  The decision of the Director for medical grievance appeals is final and constitutes exhaustion of all remedies for inmate medical grievances within ADC. (*Id.* at 7.)  Section 802.01 entitled "General Information" provides, in part, that "[i]nmates are not required to use the formal Inmate Grievance Procedures to submit a verbal or written emergency complaint."  (*Id.* at 3.)  An emergency is defined as "a condition which, if processed through the normal grievance time frames, would subject the inmate to substantial risk of medical harm, personal injury or cause other serious and irreparable harm."  (*Id.*)  The Department Order further provides that "[a]ny emergency complaint received by staff shall be immediately evaluated through the chain of command to determine whether it is an emergency as defined in 1.8.1 of this section and requires immediate response outside of the Inmate Grievance Procedure time frames."

### D.   Discussion

Plaintiff argues that he was excused from the exhaustion requirement under the plain terms of ADC Department Order 802.01, § 1.8, which provides that "[i]nmates are not required to use the formal Inmate Grievance Procedures to submit a verbal or written emergency complaint."  The emergency complaint procedure, however, is not a model of clarity.  Section 1.8 clearly states that inmates are not required to use the formal

grievance process in the case of an emergency,[4] but provides no further information as to exhaustion of remedies in the case of an emergency.  The consequences of this ambiguity are on display in this case.

Plaintiff provides a "consultation request" signed by Dr. Kessler, which states that Plaintiff told him that it was important to establish care with a urologist for treatment of his prostate cancer.  (Doc. 25-9 at 1.)  He argues that this evidence shows he orally pursued treatment for his prostate cancer and, therefore, was exempt from the formal administrative grievance process.  Defendants argue that Plaintiff has not shown that his condition constituted an emergency within the meaning of Section 1.8.1, which provides that an emergency is "a condition which, if processed through the normal grievance time frames, would subject the inmate to substantial risk of medical harm, personal injury or cause other serious and irreparable harm."  The Department Order, however, does not state who decides which conditions are "medical emergencies" or what happens when, after evaluation, a complaint is deemed to not constitute an emergency.

Despite the substantial ambiguity in the emergency complaint grievance process, Plaintiff is entitled to summary judgment on Defendants' exhaustion of administrative remedies affirmative defense because the uncontroverted evidence shows that he exhausted his claims to the Director's level.   Plaintiff provides a January 13, 2014 response from Director Ryan responding to Plaintiff's request for "immediate and thorough treatment for [his] cancer or immediate release to get treatment by a competent doctor due to the life threatening nature of [his] cancer."  (Doc. 114-2 at 1-2.)  Defendants state that Plaintiff has failed to show that he exhausted his claims in this action because he did not provide any of the grievance documents that led to Director

---

[4] The Court is unconvinced by Defendants' argument that an inmate must still follow the formal grievance process even after submitting an emergency complaint.  It is Defendants who are able to define the grievance process and how administrative remedies are exhausted and, thus, any ambiguity in their policy should be construed in favor of Plaintiff.  *See Woodford*, 548 U.S. at 90 (proper exhaustion requires using all steps that the agency holds out, and doing so properly).

Ryan's final decision with his Motion for Summary Judgment.  But Defendants point to nothing in their policy requiring Plaintiff to name every defendant or explicitly set forth his legal claims in his grievances.  *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (The level of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures, but "when a prison's grievance procedures are silent or incomplete as to factual specificity, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."). Plaintiff provides evidence that he exhausted his claims related to the fact that he was not being provided immediate and thorough treatment for his cancer.  Defendants have not met their burden of demonstrating that Plaintiff did not exhaust his claims, and cannot shift the burden to Plaintiff by claiming that Plaintiff has not produced enough evidence to demonstrate that he did exhaust.  *See Albino*, 747 F.3d at 1172 (the ultimate burden of proof as to exhaustion remains with the defendant).  Plaintiff has provided unrebutted evidence that he exhausted his administrative remedies, and thus, the Court finds that Plaintiff is entitled to summary judgment on the exhaustion defense.

**IT IS ORDERED:**

(1)  The reference to the Magistrate Judge is withdrawn as to (1) Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 130); (2) Plaintiff's Motion for Summary Judgment re: Exhaustion of Remedies (Doc. 113); (3) Plaintiff's Motion for Expedited Briefing and Ruling on Plaintiff's Motion for Summary Judgment re: Exhaustion of Remedies (Doc. 115); and (4) Defendant Lisa Fansler's Cross-Motion for Summary Judgment re: Exhaustion of Administrative Remedies (Doc. 137).

(2)  Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 130) is **GRANTED**.  The Clerk of the Court must is directed to file Plaintiff's Second Amended Complaint, currently lodged at Doc. 130-2.  The Clerk of the Court shall dismiss Defendants Fansler, Corizon's Clinical Coordinator, Unknown Facility Health Administrators, and Corizon's Regional Medical Director from the Second Amended Complaint and this action without prejudice.

(3)     The remaining claims in the Second Amended Complaint are: (1) an Eighth Amendment claim against Defendants Corizon and Ryan in Count One; (2) an Eighth Amendment claim against Defendants Kent Ainslie, Unknown FHAs, Unknown Clinical Coordinators, the Corizon Regional Medical Director, and Patrick Arnold, Duc Vo, Winfred Williams, Cynthia Ripsin, Hegmann, Mulhorn, and Montano; and (3) state law negligence claims against Defendants Corizon, Ryan, Montano, Hegmann, Mulhorn, Arnold, Vo, Williams, Ripsin, and Ainslie.

(4)     If Plaintiff's counsel seeks for the Clerk of the Court to issue summonses for Defendants Arnold, Vo, Williams, Ripsin, and Ainslie, counsel shall submit the Summonses to the Clerk of the Court in accordance with Rule 4(b) of the Federal Rules of Civil Procedure.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Defendants Arnold, Vo, Williams, Ripsin, and Ainslie within sixty days of the filing of this Order, his claims against those Defendants may be dismissed.  *See* Fed. R. Civ. P. 4(m).

(6)     After service, Defendants Arnold, Vo, Williams, Ripsin, and Ainslie must respond to the Second Amended Complaint in accordance with the Federal Rules of Civil Procedure.  Defendants Corizon, Ryan, Montano, Hegmann, and Mulhorn must respond to the Second Amended Complaint in accordance with Rule 15(a)(3) of the Federal Rules of Civil Procedure.

(7)     Plaintiff's Motion for Summary Judgment re: Exhaustion of Remedies (Doc. 113) is **GRANTED**.

(8)     Plaintiff's Motion for Expedited Briefing and Ruling on Plaintiff's Motion for Summary Judgment re: Exhaustion of Remedies (Doc. 115) is **DENIED** as moot.

. . . .

. . . .

. . . .

(9) Defendant Lisa Fansler's Cross-Motion for Summary Judgment re: Exhaustion of Administrative Remedies (Doc. 137) is **DENIED** as moot.

Dated this 2nd day of December, 2015.

_____
Douglas L. Rayes
United States District Judge